United States Courts
Southern District of Texas
FILED

JUN 3 0 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | COMPLAINT |
| v. | § § | H-05 2232 |
| J.H. WALKER, INC. D/B/A D.H. WALKER TRUCKING AND SUPERIOR DELIVERY SERVICE | § § § § | CIVIL ACTION NO. |
| Defendant. | § § § § | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 ("EPA") and Title VII of the Civil Rights Act of 1964 as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to Christy Ziegler as a result of such unlawful practices. This action is also brought under Title VII to correct unlawful employment discrimination on the basis of gender (sexual harassment) and opposition (retaliation) and to provide appropriate relief to Christy Ziegler, who was adversely affected by the unlawful practices. While employed by Defendant J.H. Walker, Inc. d/b/a D.H. Walker Trucking and Superior Delivery Service ("Defendant"), Ms. Zeigler was subjected to discriminatory treatment because of her gender. The discriminatory treatment included being paid less than a similarly situated male employee and being subjected to sexual harassment. The discrimination also included discharging Ms. Zeigler on January 5, 2004 in retaliation for opposing her discriminatory treatment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant J.H. Walker, Inc. d/b/a D.H. Waker Trucking and Superior Delivery Service, ("Defendant"), a Texas corporation, has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) [has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Christy Zeigler filed a charge with the Commission alleging violations of EPA and Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least February 10, 2003, Defendant has engaged in unlawful employment practices at its Houston, Texas facility, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §704 of Title VII, 42 U.S.C. § 2000e-3. Defendant hired Ms. Zeigler on February 10, 2003 as a salesperson but paid her less money than a male salesperson it hired on the same day, even though he had less experience and qualifications than Ms. Zeigler had. Defendant also subjected Ms. Zeigler to sexual hostile working environment when its chief official propositioned her for sex on several occasions. When Ms. Zeigler opposed the conduct, Defendant fired her on January 4, 2004.

10. The effect of the practice(s) complained of above has been to deprive Christy Zeigler of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

11. The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Christy Ziegler.

13. Since at least February 10, 2003, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to its female salespersons, in its Houston, Texas facility at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Defendant hired Ms. Zeigler on February 10, 2003 as a salesperson but paid her less money than a male salesperson it hired on the same day, even though he had less experience and qualifications than Ms. Zeigler had.

14. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Christy Ziegler.

15. The unlawful practices complained of above were and are willful.

### PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of sex and from discriminating between employees on the basis of

sex, by paying wages to employees at rates less than the rates at which it pays wages to employees of the opposite sex in the same establishment for equal work on jobs, the performance of which require equal skill, effort and responsibility, and which are performed under similar working conditions.

B.  Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of sex, including subjecting its employees to a sexually hostile working environment.

C.  Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of opposition to discrimination.

D.  Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from discriminating between employees on the basis of sex; by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

E.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

F.  Order Defendant to make whole Christy Zeigler by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to backpay and frontpay, with interest.

G. Order Defendant to make whole Christy Zeigler by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket such as job search expenses and insurance expenses in amounts to be proved at trial.

H. Order Defendant to make whole Christy Zeigler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to determined at trial

I. Order Defendant to pay Christy Zeigler punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

J. Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Christy Ziegler.

K. Order Defendant to make whole those employees whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

L. Grant such further relief as this Court deems necessary and proper in the public interest.

M. Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
James Sacher
Regional Attorney

_____
Rudy L. Sustaita
Senior Trial Attorney
Attorney-in-Charge
Admission I.D. No. 11850
Texas Bar No. 19523560
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3400
Facsimile: (713) 209-3402