IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. H-05-2232 | |
| § | | |
| J.H. WALKER, INC. § D/B/A D.H. WALKER TRUCKING AND § SUPERIOR DELIVERY SERVICE § | JURY TRIAL DEMANDED | |
| § | | |
| Defendant. § _____§ | | |

**DEFENDANTS' MOTION IN LIMINE**

Defendants J.H. Walker, Inc. d/b/a J.H. Walker Trucking and Superior Delivery Service (hereinafter "Defendants"), prior to announcing ready for trial, the voir dire examination of the jury, and the presentation of any evidence, moves the Court for an order in limine as follows:

I.

Defendants move the Court to order Plaintiff, her attorneys, witnesses, and other representatives not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following matters, as well as the matters addressed in Defendants' Motion in Limine, without first having called such matters to the Court's attention, out of presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Defendants also move the Court to order Plaintiff, her attorneys, witnesses, and representatives not to prove, attempt to prove, refer to, interrogate, mention, imply, or testify to at any time, in any way, shape or form in the presence of the jury panel or jury, or attempt to place before the jury panel and jury, either directly or indirectly, any of the following matters

without first having called such matters to the Court's attention, out of the presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice and will reinforce the development of questionable evidence.

The matters of information made the subject of this Motion in Limine are as follows:

1	That this Motion and any other Motions in Limine have been filed for the relief herein requested;

2	Any evidence or statement regarding any settlement offers made or not made by Defendants, any settlement demands made or not made by Plaintiff, and any settlement negotiations, or lack thereof between the parties. Such negotiations are inadmissible under Federal Rule of Evidence 408. *C.f.* Olin Corp. v. Insurance Co. of North America, 603 F. Supp. 445, 449 (S.D. N.Y. 1985);

3.	Any evidence or testimony regarding Plaintiff's damages, of whatever kind, other than Plaintiff's damages specifically disclosed in response to Defendants' Interrogatories or Request for Production of Documents;

4.	Any testimony about what another person said or thought or other inadmissible hearsay statements

5.	Any evidence or testimony regarding statements or remarks made to Plaintiff by her co-workers, customers, clients, friends or other as those comments are hearsay.

6.	Any evidence or statement concerning the failure to call, or the probable testimony of, a witness that is absent, unavailable, or not called to testify in this cause;

7. Any evidence or reference to statements of unidentified persons;

8. Any reference to any expert or expert's opinions from any witnesses other than those specifically designated by the parties in accordance with the Federal Rules of Civil Procedure;

9. Any reference to any objection made by Defendants or Defendants' attorneys to any discovery request or deposition question or response, or any reference to any disposition of any pre-trial motion made in connection with this cause;

10. Any reference to claims of harassment due to phone call rollover;

11. Any reference to any sanctions sought by Plaintiff in this action;

12. Any questions of Defendants' witnesses that would require Defendants' attorneys or any of Defendants' witnesses to invoke any privilege (including, without limitation, the attorney-client or attorney work-product privilege) in front of the jury. FED. R. CIV. EVID. 501; TEX. R. CIV. EVID. 513(b). In addition, Defendants requests the Court to issue an order requiring Plaintiff to first approach the Bench if there is a probability that the question to the witness would require the attorney or the witness to invoke the attorney-client privilege, so that such objection may be ruled upon, without the jury being improperly prejudiced and biased against a particular party for the attorney's conduct in objecting to said line of questioning on the basis of the attorney-client privilege;

13. Any reference, mention, or suggestion that Defendant has failed to call any witness available equally to any party to this action;

14. Any reference, mention, or suggestion that there will probably be testimony of certain facts by witnesses who are not later called to testify at trial;

15. Any testimony or other evidence from any witness not fully disclosed in response to a proper discovery request made by Defendants upon Plaintiff in this suit prior to trial. Scott v. Snider, No. Civ. A 91-7080, 1994 WL 388959 (E.D. Pa., July 24, 1994); Paoli R.R. Yard PCB Litigation v. Southeastern Transportation Authority, 35 F.3d 717, 738 - 741 (3rd Cir. 1994), cert. denied, 115 S.Ct. 1253 (1995);

16. Any question, statement, argument, or reference that elicits opinions of law from any witness as this is to be given to the jury only by the Court and any such reference or quotation in the presence of the jury would materially prejudice the Defendants and give undue emphasis and weight to the Plaintiff's contentions;

17. Any references to the size of the assets of Defendant or Mr. J.H. Walker as such references are obviously designed or intended to create improper bias or prejudice in the minds of jurors;

18. Any testimony in any deposition which includes questions to which objections were lodged. Those objections must first be presented to the Court and ruled on;

19. No comments regarding statements made by or to Joe Walls or any other current or former employee of Rush Peterbilt as they are hearsay.

20. No mention about Ms. Ziegler not being paid the entire amount she claims was owed when she received her last paycheck.

21. No reference or presentation of documents contained in the EEOC's file which contain hearsay information, comments of the author and/or other notes.

22. No reference or evidence regarding Ms. Ziegler being followed to check up on her regarding relationships with a customer.

23. No reference or evidence to past or future economic losses as there is no evidence Ms. Ziegler sustained any economic loss.

24. No reference or evidence to non-economic losses occurring after January 2, 2004 (the resignation date), as there is no evidence or allegations of hostile work environment after November 2003 when the last alleged harassing event occurred.

25. No reference or evidence regarding Plaintiff's allegations of touching as they were not included in the EEOC charge.

26. No reference or evidence relating to allegations of sexually harassing comments made by Mark Grahmann as such claims were not part of Plaintiff's EEOC charge.

Respectfully submitted,

/s/
Barham Lewis  TBN: 12277400
Southern District # 10203
Jennifer L. Miscovich TBN: 24041498
500 Dallas, Suite 3000
Houston, Texas  77002-4709
713/655-5767
713/655-0020 Fax

ATTORNEY-IN-CHARGE FOR DEFENDANT
J.H. Walker, Inc., d/b/a Superior Delivery Services

OF COUNSEL:
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
(713) 655-0855
(713) 655-0020 (Fax)

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing has been forwarded by certified mail, return receipt requested, on February 16, 2007 to:

   Rudy L. Sustaita
   Equal Employment Opportunity Commission
   Houston District Office
   1919 Smith Street, 7th Floor
   Houston, Texas 77002

               __/s/_____
               Barham Lewis