IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § v. § § J.H. WALKER, INC. D/B/A J.H. WALKER TRUCKING AND SUPERIOR DELIVERY SERVICE, § § § § Defendant. § | CIVIL ACTION NO. H-05-2232 |

**PLAINTIFF EEOC'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), files this Response to Defendant's Motion in Limine. Plaintiff opposes the following items referenced in Defendant's Motion:

**Proposed Limine Item 3**:

Plaintiff objects to Defendant's proposed limine item 3. Item 3 seeks to forbid "any testimony regarding Plaintiff's damages, of whatever kind, other than Plaintiff's damages specifically disclosed in response to Defendants' Interrogatories or Request for Production of Documents." Defendant's request is overly broad. Compensatory and punitive damages cannot be itemized with precision. Moreover, Defendant knows the EEOC will seek the maximum amount allowed under law.

**Proposed Limine Items 4 an 5**:

Plaintiff objects to Defendant's proposed limine items 4 and 5. Item 4 seeks to forbid "[a]ny

1

testimony about what another person said or thought or other inadmissible hearsay statements." Item 5 seeks to forbid "[a]ny evidence or testimony regarding statements or remarks made to plaintiff by her co-workers, customers, clients, friends or other as those comments are hearsay." Defendant's request is overly broad and would forbid testimony that falls within hearsay exceptions under the Federal Rules of Evidence, as well as testimony used to show motive or intent. It also would preclude testimony showing that employees knew about the harassment.

**Proposed Limine Item 6**:

Plaintiff objects to Defendant's proposed limine item 6. Item 6 seeks to forbid "[a]ny evidence or statement concerning the failure to call or the probable testimony of, a witness that is absent, unavailable, or not called to testify in this cause." Defendant's request is overly broad and preclude a showing under Fed.R.Evid. 803.

**Proposed Limine Item 10**:

Plaintiff objects to Defendant's proposed limine item 10. Item 10 seeks to forbid any testimony or references regarding "harassment due to phone call rollover." The EEOC objects to this request because the challenged evidence is probative of the intent of John Walker, the primary harasser in this case. Although Defendant couches these numerous phone calls as "rollovers," the jury has the right to decide whether these irregular calls, made at odd hours and at odd intervals from Defendant's business phone line to Ms. Ziegler's personal cell phone, were the result of some technical glitch or whether, as the EEOC believes were caused by Mr. Walker because of his physical attraction and obsession with Ms. Ziegler. The EEOC believes the evidence supports its claim that Walker sexually harassed Ms. Ziegler while she was employed with Defendant. Moreover, the evidence sheds light on the maliciousness of Defendant's intent and the need to punish Defendant harshly to prevent its recidivist tendencies and overall contempt for the judicial process. The jury should decide whether, after Ms. Ziegler's three-year absence from Defendant's employment, the calls were spontaneously and miraculously self-generated as Defendant preposterously claims.

**Proposed Limine Item 12**:

Plaintiff objects to Defendant's proposed limine item 12. Item 12 seeks to forbid any evidence that might elicit an objection grounded in privileged communications. This request is overly broad and unmanageable.

**Proposed Limine Item 17**:

Plaintiff objects to Defendant's proposed limine item 17. Item 17 seeks to forbid any testimony or references regarding "the size of the assets of Defendant or Mr. J.H. Walker as such references are obviously designed to create improper bias or prejudice in the minds of jurors." Evidence of the assets of the corporate Defendant (i.e., both d/b/a s ) and its size are necessary to help the jury decide the extent of punitive damages it will assess against Defendant.

**Proposed Limine Item 19**:

Plaintiff objects to Defendant's proposed limine item 19. Item 19 seeks to forbid any testimony or references regarding "statements made by or to Joe Walls or any other current or former employee of Rush Peterbilt as they are hearsay." Defendant's request is overly broad and does not allow for hearsay exceptions under the Federal Rules of Evidence. Moreover, evidence that John Walker was spreading rumors about Ms. Ziegler having a relationship with her customers at Rush Peterbilt supports the EEOC's case of sexual harassment against Defendant and also explains why Ms. Ziegler tendered her resignation. In addition, it supports the EEOC's claim for punitive damages given the outrageousness of the conduct.

**Proposed Limine Item 20**:

Plaintiff objects to Defendant's proposed limine item 20. Item 20 seeks to forbid any testimony or references regarding "Ms. Ziegler not being paid the entire amount she claims she was owed when she received her last paycheck." The EEOC objects to this request because it precludes

the Commission from telling a truthful account of the last days Ziegler worked with Defendant when she attempted to present her resignation but was instead fired and not paid for the two week notice she had tendered.

**Proposed Limine Item 21**:

Plaintiff objects to Defendant's proposed limine item 21. Item 21 seeks to prohibit "reference or presentation of documents contained in the EEOC's file which contain hearsay information, comments of the author and or other notes." Since there will necessarily be evidence at trial that Ms. Ziegler filed a charge, it follows that her charge will be introduced as part of the record. (The Charge is part of the EEOC's administrative charge file or "file"). Ms. Ziegler's notes, submitted to the EEOC and a part of its file, are referenced as trial exhibits and will be used to refresh her recollection or show prior consistent testimony if the need arises. The remaining documents the EEOC intends to introduce at trial are Defendant's documents and were produced during discovery, although some are also part of the EEOC's file. They should not be prevented from being displayed simply because they also reside in the EEOC's file.

**Proposed Limine Item 22**:

Plaintiff objects to Defendant's proposed limine item 22. Item 22 seeks to prevent references to or the introduction of evidence "regarding Ms. Ziegler being followed to check up on her regarding relationships with a customer." Evidence that John Walker was spreading rumors about Ms. Ziegler having a relationship with her customers at Rush Peterbilt supports the EEOC's case of sexual harassment against Defendant and also explains why Ms. Ziegler tendered her resignation. It also supports the EEOC's claim for punitive damages given the outrageousness of the conduct.

**Proposed Limine Item 24**:

Plaintiff objects to Defendant's proposed limine item 24. Item 24 seeks to prevent references to or the introduction of evidence regarding "non economic losses occurring after January 2, 2004

(the resignation date), as there is no evidence or allegations of hostile working environment after November 2003 when the last alleged harassing event occurred." The EEOC objects because damages from emotional harm do not cease when the employee/victim stops working with the Defendant.

**Proposed Limine Item 25**:

Plaintiff objects to Defendant's proposed limine item 25. Item 25 seeks to prevent "reference or evidence regarding Plaintiff's allegations of touching as they were not included in the EEOC charge." The purpose of the charge is to place a company on notice of the nature of the claim brought by a Charging Party. The purpose is not to include all data. It is not drafted by the Charging Party. It is drafted by an EEOC investigator, who is not an attorney. Requiring all data to support a charge is absurdly unwieldly and seeks a heightened standard that not even Fed. R. Civ. P. 8(a) imposes on federal pleadings. Moreover, Ms. Ziegler produced evidence to the EEOC concerning these allegations at the time she filed her charge, and then later testified about this conduct at her deposition.

**Proposed Limine Item 26**:

Plaintiff objects to Defendant's proposed limine item 26. Item 26 seeks to prevent any "reference or evidence relating to allegations of sexually harassing comments made by Mark Grahmann as such claims were not part of the Plaintiff's EEOC Charge." The purpose of the charge is to place a company on notice of the nature of the claim brought by a Charging Party. The purpose is not to include all data. It is not drafted by the Charging Party. It is drafted by an EEOC investigator, who is not an attorney. Requiring all data to support a charge is absurdly unwieldly and seeks a heightened standard that not even Fed. R. Civ. P. 8(a) imposes on federal pleadings. Moreover, Ms. Ziegler produced evidence to the EEOC concerning these allegations at the time she filed her charge, and then later testified about this conduct at her deposition.


## CONCLUSION

For all the foregoing reasons, Items 3, 4, 5, 6, 10, 12, 17, 19, 20, 21, 22, 24, 25, and 26 of Defendant's Motion in Limine should be denied.

Respectfully submitted,

/s/ *Rudy L. Sustaita* /s/
Rudy L. Sustaita
Attorney-in-Charge
Texas Bar No. 19523560
Southern Dist. of Texas No. 11850
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3400
Telecopier: (713) 209-3402

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006 and pursuant to the Electronic Filing System of the Southern District of Texas, the foregoing instrument was served upon counsel for Defendant:

F. Barham Lewis
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709.

/s/ *Rudy L. Sustaita* /s/
Rudy L. Sustaita
Attorney-in-Charge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § v. § § J.H. WALKER, INC. § D/B/A J.H. WALKER TRUCKING AND § SUPERIOR DELIVERY SERVICE, § § Defendant. § § | CIVIL ACTION NO. H-05-2232 |

## ORDER ON DEFENDANT'S MOTION IN LIMINE

CAME ON TO BE CONSIDERED Defendant's Motion in Limine and Plaintiff's Response. The Court, having considered the submissions of the parties, is of the opinion that items 3, 4, 5, 6, 10, 12, 17, 19, 20, 21, 22, 24, 25, and 26 lack merit and are hereby DENIED.

SIGNED this _____ day of _____, 2007.

_____
Lee H. Rosenthal
United States District Judge